ADELA L. HARDY, Respondent, *v.* FRANK HARDY, Appellant.

*Supreme Court, First Department, General Term, July,* 9, 1889.

1. *Divorce. Alimony.*—The court has power under § 1769 of the Code, to direct alimony and counsel fees to be paid by a husband to his wife, pending her action for a limited divorce.
2. *Same.*—The court will not, where the disagreement and separation are not wholly owing to the misconduct of the husband, make such an allowance by way of temporary alimony, as will operate as an inducement to delay a speedy trial of the action.
3. *Same. When excessive.*—Where the husband was not entirely to blame for the separation between himself and wife, and the latter had only herself to provide for, and the husband's income amounted to about $5,000 a year, and he had overdrawn the amount to meet demands occasioned by his wife's habits to the extent of $2,500, and was also indebted to various persons in the sum of $2,000 an allowance of $175 a month, pending the action, was held excessive, and reduced to $100 a month.

Appeal from an order confirming the report of a referee, in an action for a limited divorce, awarding alimony and an allowance for counsel.

*Richard S. Newcombe,* for appellant.

*William G. Bussey,* for respondent.

DANIELS, J.—By the order of which the defendant complains, $250 have been allowed by way of counsel fee, and $175 a month to the plaintiff for her support and maintenance during the pendency of the action. The order was made under the authority of section 1769 of the Code of Civil Procedure, empowering the court in its discretion, during the pendency of the action to make an order or

orders for the payment by the husband of the sum, or sums of money, necessary to enable the wife to carry on, or defend, the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the. wife, having regard to the circumstances of the respective parties. By the petition and affidavits used upon the motion the probability is evinced that the disagreement and separation of these parties was not wholly owing to the misconduct of the defendant. That the plaintiff may have a legal right of action for a separation from the defendant, cannot be certainly determined, neither is it necessary that it should be, upon the papers · and proofs which have been produced, but that she has to a certain extent contributed to the state of things existing between herself and her husband resulting in their separation is reasonably free from doubt. And under such a state of facts it is not the practice of the court to make in favor of the wife such an allowance by way of temporary alimony, as will operate as an inducement to delay a speedy trial and disposition of the action upon the evidence which the parties may be there able to produce. The income of the defendant is stated by himself to amount to about or near the sum of $5,000 a year, and against that his testimony is that he had overdrawn the amount to meet demands occasioned by the habits of the plaintiff to the extent of about $2,500, and he was indebted to various persons in about $2,000.

This is probably a fair disclosure of the financial situation of the defendant, and to require him under these circumstances to advance the monthly payments of $175, as that has been required by the order, is more than equitably could have been exacted, especially as the plaintiff herself is in a measure to blame for her separation from the defendant. What this provision of the Code requires, is the necessary allowance to provide suitably for the support of the wife, having regard to the circumstances of the parties.

She has only herself to provide for, and having been se-

cured the residence occupied by her, by the act of the de-
fendant, to secure the end mentioned in this section of the
Code, and considering the circumstances of the husband,
the payment by him to his wife during the pendency of the
action of the sum of $100 a month, would seem to be not
only sufficient, but a just allowance. That will provide her
with a suitable maintenance and support according to the
circumstances of herself and her husband, and it is all that
he should be required to advance during the pendency of
this litigation. If the plaintiff shall be able to authenticate
her right to a larger provision, that will be secured by a
speedy trial of the action. And it is much better and more
just that it shall be obtained in that manner, than that the
court should undertake to make an allowance in her favor,
which might operate as a motive to delay the trial of the
suit.

The order should be modified by reducing the monthly
payment to the sum of $100, and affirmed, as so modified,
without costs of the appeal.

BRADY, J., concurs.

VAN BRUNT, Ch. J.—I concur in the result upon the
ground that the allowance was excessive in any event. It
seems to be agreed that, because the defendant had been
exceedingly liberal to the plaintiff, giving her a house worth,
over incumbrances, $10,000, and $5,000 worth of furniture ;
therefore, the plaintiff is entitled to a larger provision for
her support than she could have been entitled to, had the
defendant theretofore given her nothing.